## JOHN KELLY

*v.*

## GILMAN GRAVES.

1. ASSIGNMENT — *proof to hold assignor liable.* In order to hold the indorser of a promissory note liable to the indorsee when no suit is brought against the maker, it must be proved that the institution of such a suit would have been unavailing.

2. SAME — *assignor not bound to point out property.* The assignor of a promissory note is under no legal obligation to give information of the maker's property when requested by the assignee, and his failure to do so will create no liability. The assignee must ascertain at his peril, the fact of the insolvency of the maker.

APPEAL from the Circuit Court of Livingston county; the Hon. N. J. PILLSBURY, Judge, presiding.

Mr. C. C. STRAWN, for the appellant.

Mr. L. E. PAYSON, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action of assumpsit, brought by Kelly against Graves, as an indorser of a promissory note, made by Stephen Halstead to Graves, for eighty-five dollars, bearing date November 22, 1872, and payable to Graves or order ten months after date, with ten per cent interest, the declaration averring the insolvency of the maker at the time of the maturity of the note, and since, and that the institution of a suit against him would have been unavailing. The suit was commenced September 26, 1873.

Kelly recovered, and Graves has appealed for the purpose of reversing the judgment.

It is insisted that the verdict was against the evidence, and that there was error in the instructions to the jury.

There having been no suit against the maker, it was necessary, in order to maintain the action, to prove that the institution of such suit would have been unavailing.

There was not much evidence upon that point, and it was conflicting. Only the plaintiff himself, and the constable, Payne, testified to the insolvency of the maker, and they do not appear to have been very familiar with the actual state of his circumstances and condition, in regard to property. And the defendant, only, gave testimony to show the solvency of the maker. But he evidently had better opportunity to know the maker's actual circumstances, as the latter had been living in the family of Graves a year or two prior to the maturity of the note. From defendant's evidence, the jury were warranted to find, that, at the time of the maturity of the note, the maker owned a mare and the undivided half of a threshing machine. These, together with one other mare, had been embraced in a chattel mortgage, which Halstead, the maker, had given to Graves, to secure the payment of the note.

This mortgage, with the knowledge of Kelly, had been released, leaving the property in Halstead.

His interest in the threshing machine was subsequently sold on execution. But Graves testifies that Halstead afterward bought it back. One of the mares too had been sold on execution, leaving the other one remaining with Halstead.

Stress is laid by appellant on the fact that Graves did not point out this property to Kelly, when the latter applied to him, and said if Kelly would tell him of property that Halstead had, he, Kelly, would not resort to Graves. But Graves was under no legal duty to give information of Halstead's property. It was for Kelly, at his peril, to ascertain for himself the fact of the insolvency, and he was not entitled to any aid from Graves; and so long as the latter did not mislead, and did nothing more than to decline furnishing any assistance or information, no legal liability would result therefrom. Its only significance must be as evidence tending to show the want of property.

The finding of the jury against the plaintiff, upon the question of insolvency, we do not think is so palpably against the weight of the evidence as to require that it should be disturbed.

This finding would necessarily determine the issue in favor of the defendant, and we find it unnecessary to consider other questions which were raised upon the evidence. We do not perceive any substantial ground for complaint, in the giving, modifying, or refusing of instructions.

The judgment will be affirmed.

*Judgment affirmed.*